IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:**<br>**SKYTEC, INC.**<br>Debtor | **CASE NO.:** 18-05288-ESL<br>**CHAPTER** 11 |

## MOTION FOR ENTRY OF ORDER DIRECTING EXAMINATION UNDER RULE 2004 AND PRODUCTION OF DOCUMENTS

TO THE HONORABLE COURT:

COMES NOW creditor LOGISTIC SYSTEMS, INC. ("**LogiSYS**"), through its undersigned attorneys, pursuant to Fed. R. Bankr. P. 2004 and Local Bankruptcy Rule 2004-1 respectfully moves this Court to enter an order directing a Rule 2004 Examination of and compelling the Production of Documents by Skytec, Inc. (the "**Debtor**"), secured creditor, Oriental Bank, and Debtor's president and personal guarantor, Mr. Henry Barreda Rivera, identified in **Exhibits A, B and C**, at the offices of Goldman Antonetti & Cordova, LLC ("Goldman") three business days before the examination. In support thereof, LogiSYS states as follows:

### PRELIMINARY STATEMENT

Debtor's bankruptcy petition was filed on September 12, 2018, the same day, and just hours after, the United States District Court for the District of Puerto Rico (the "District Court") issued an Opinion and Order in the case of *Skytec, Inc., v. Logistic Systems, Inc.,* 15-cv-02104(BJM) (the "District Court Order") wherein the District Court concluded as follows:

> Skytec's misconduct has been deliberate, and its withholding of crucial documents has severely prejudiced Logistic. In light of the numerous and persistent violations of the discovery process, the centrality of the missing document categories, and the absence of any mitigating excuse, Skytec's claims are dismissed with prejudice and

1

> default is entered as to Logistic's counterclaims. *See* Fed. R. Civ. P. 37(b)(2)(A). Logistic's damages will be addressed at a default damages hearing to be held in lieu of trial.

*See* District Court Order; Civil Dkt. 160.[1] The damages hearing was scheduled to begin on September 14, 2018 but was automatically stayed due to the filing of the Petition.

On September 12, 2018, as well, Debtor filed a certified copy of a Resolution of its Board of Directors authorizing the filing of the Petition. In the Resolution, Debtor asserted that

> "Whereas, creditors are threatening suit and have threatened to undertake steps to obtain possession of the corporation's assets, and
> Whereas, it is apparent that the continuation of the affairs of the corporation without the protection of the Bankruptcy Court could result in the corporation's demise. . ." Dkt. #1-1.

Debtor is managing its affairs pursuant to §§ 107 and 1108 of the Code. 11 U.S.C. §§ 107 and 1108.

On November 13, 2018 this honorable court granted LogiSYS' request for relief from the automatic stay in order to proceed with the damages hearing in the district court case. Bankr. Dkt. 56. The damages hearing is scheduled to be heard on February 13, 2019.

Debtor's schedules and testimony at the 341 meeting of creditors raised several questions about its financial situation and operations before the filing of the petition, as well as the management of its affairs as Debtor in possession. After analyzing the business information requested to Debtor on the meeting of creditors, in comparison to Debtor's request for additional adequate protection on behalf of Oriental Bank, its monthly operating reports, disclosure statement and proposed plan of reorganization, it is out outmost importance to clarify the managerial decisions and operational events

---

[1] "Civil Dkt." cites refer to documents entered into the docket of Civil Case 3:15-cv-02104-BJM in the District of Puerto Rico. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").
"Bankr. Dkt." cites refer to documents entered into the docket for the above-captioned bankruptcy proceeding before this Court.

behind the filing of the petition and the specific information to understand such decisions and events; needed to decide whether Debtor's information submitted in the disclosure statement and proposed plan of reorganization is supported by its business operations for the benefit of creditors and the estate, and to assert whether debtor will be capable to rehabilitate. LogiSYS files this Motion seeking an Order directing Debtor, as well as Oriental Bank, as secured creditor, and Mr. Henry Barreda Rivera, as president and personal guarantor of Skytec, to appear at the offices of counsel for LogiSYS to be examined under Fed. R. Bankr. P. Rule 2004.

## LEGAL STANDARD

1. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. R. 2004(a). Bankruptcy Rule 2004(b) further provides that the scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Such an examination:

> may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

*Id*. In addition, "the attendance of an entity for examination and for the production of documents …may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Fed. R. Bankr. P. 2004(c).

2. The standards regarding Rule 2004 document productions are well established. "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. R. 2004(a). Additionally, the court may compel the production of documents. Fed. R. Bankr. P. R. 2004(c). "The examination of an entity under this rule or of the debtor, under § 343 of the

3

Code, may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor." Fed. R. Bankr. P. 2004(b).

3. "The broad scope of questioning that applies at a meeting of creditors also applies at a Rule 2004 examination. Any question is allowable if (1) it relates to the acts, conduct, property, liabilities, or financial condition of the debtor, or (2) it relates to any matter that may affect the administration of the bankruptcy estate or the debtor's right to a discharge." *In re Russell*, 392 B.R. 315, 359 (Bankr. E.D. Tenn. 2008).

4. "A Rule 2004 examination is a legally authorized fishing expedition." *In re Russell*, 392 B.R. at 359; *see also In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Case 15-11345-RGM Mass. 1984) ("The [Rule 2004] examination has also been likened to a necessary 'fishing expedition.'"). The clear intent of Rule 2004 (and its predecessor rules) is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR*, 41 B.R. at 660

2. The purpose of a Bankruptcy Rule 2004 examination is also to assist a party in interest in determining the nature and extent of the bankruptcy estate, "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *See In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal quotations omitted); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Courts consistently have emphasized that the scope of a Bankruptcy Rule 2004 examination is extremely broad, broader than discovery available under the Federal Rules of Civil Procedure and can legitimately be in the nature of a "fishing expedition." *See In re Youk-See*, 450 B.R. 312, 319 (Bankr. D. Mass. 2011) ("The examination [] is of necessity to a considerable extent a fishing expedition.") (internal citations omitted); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (affirming Rule 2004

discovery order; noting that "Rule 2004 is broad in nature"); *In re Pub. Serv. Co. of N.H.*, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) ("The scope of discovery afforded under Bankruptcy Rule 2004 is 'unfettered and broad.'"); *In re Washington Mut.*, 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'") (internal citations omitted)); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'"); *In re Hilsen*, No. 87–11261 (JMP), 2008 WL 2945996, at *1 (Bankr. S.D.N.Y. 2008) (Bankruptcy Rule 2004 "allows considerable leeway for all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtor's estate.").

3. Although Bankruptcy Rule 2004 may be used by "any party in interest," LogiSYS is not simply another party to this bankruptcy case. Instead, LogiSYS' claim against Debtor in the District Court may be the very raison d'etre for Debtor's filing before this Court**.** For that reason, LogiSYS is the proper party with the responsibility to examine the reasonableness of Debtor's expenses and management to secure that rehabilitation is proper.

4. In addition, the scope of the investigation of facts and documents need not be fully understood or detailed at the time it is commenced. Indeed, courts routinely reject arguments that the exact improprieties or potential claims being examined must be laid out in advance. For example, in *In re Sheetz*, 452 B.R. 746, 750 (Bankr. N.D. Ind. 2011), the court rejected an argument that the trustee seeking an examination "failed to provide enough specific examination concerning the discrepancies she wants to investigate[.]" The court held that this level of detail was unnecessary because "Rule 2004 can properly be a fishing expedition and upon setting out for such

5

an expedition one does not usually limit the fish one sets out to catch." In fact, "*[i]t is perfectly permissible to troll for whatever might bite.*" *Id.* (emphasis added).

5. Here, the timing of the filing of Debtor's petition suggests the possibility of wrongdoing. Although LogiSYS has no present means to validate these suspicions (and truly hopes they remain just that), there is enough information to give rise to the duty to investigate. Were any wrongdoing to have occurred, it could lead to the need to dispute any continuing obligations (or any other contracts entered into by Debtor), claims against individuals for breach of duty in entering into misguided contracts, or the disallowance of any claims. Accordingly, discovery is amply justified here.

## RELIEF REQUESTED

6. By this Motion, LogiSYS seeks entry of an order pursuant to Bankruptcy Rule 2004 permitting LogiSYS to initiate discovery into as well as requests for live examinations of relevant individuals from those entities as they may be identified.

7. Importantly, LogiSYS is not simply requesting that it receive permission to "go fishing" for some undefined target. Instead, as detailed above, LogiSYS is seeking simply to perform its duty to understand the extent of the specific concerns which have been brought to light.

8. LogiSYS thus seeks authority to conduct a Rule 2004 examination of the Debtor, Oriental Bank, as secured creditor and Mr. Henry Barreda Rivera, as personal guarantor of Skytec, Inc. on the following subject matters (the "**Examination Topics**"):

- The proofs of claim filed in the Bankruptcy Case by or on behalf of Oriental Bank (Claim No. 5 on the Official Claims Register) including, but not limited to, the composition, security, priority, allowability, and/or payment of such claims.

- Debtor's valuation of its assets and the value of the Collateral granted in favor of Oriental Bank.

6

- Any matters arising out of, or relating to, the transaction upon which Oriental Bank obtained Debtor's loan from Eurobank or where Oriental Bank granted an original Security Agreement to Debtor.

- Any matters arising out of, or relating to, the valuation of Debtor's receivables or collections provided within the negotiations to refinance or modification of the loan agreement in effect with Oriental Bank.

- Any matters arising out of, or relating to, the necessity to provide collateral by Debtor's shareholders as guarantors to secure the refinancing or modification of the loan agreement with Oriental Bank.

- Documents created and/or exchanged by and among Debtor and Oriental Bank pertaining to the Loan Agreement or the Bankruptcy Case.

- Negotiations and/or discussions had by and among Debtor and Oriental Bank pertaining to the Loan Agreement, its modification or modifications or the Bankruptcy Case.

- Negotiations and/or discussions had by and among Debtor and Oriental Bank pertaining to the Loan Agreement, its modification or modifications and the necessity to request loans from private investors.

- Negotiations and/or discussions had by and among Debtor and the private investors (or private lenders) listed by Debtor in the Bankruptcy Case to secure financing for operations during 2018 or for the operation of a specific project.

- Debtor's ordinary course of business transactions regarding payments to suppliers and creditors.

- Debtor's ordinary course of business decisions.

- Debtor's decisions out of the ordinary course of business.

- Negotiations and/or discussions by and among Oriental Bank and any Person regarding the sale or purchase of: (a) all or a portion of the Collateral; and (b) the claims allegedly held by Oriental Bank pursuant to the Loan Agreement.

- Releases granted by Oriental bank in favor of Debtor's Guarantors.

- The prepetition and post-petition relationship between the Debtor and Oriental Bank, including, but not limited to, all Documents, discussions, and/or negotiations regarding (a) the filing of the Bankruptcy Case, (b) post-petition financing, (c) sale or liquidation of the Collateral, and (d) the Debtors' continuing use of cash collateral.

- Debtor's actions after the filing of the Bankruptcy Case.

- Any asserted claim by the Debtor against its shareholders, affiliates or agents; (for example- loans to shareholders, dividends or distributions paid within the past five years and who received the distributions or payments.
- · Debtor's current and future business prospects;
- Any matters arising out of or relating to the Lease agreement of the property identified as Carr. 174, Km 12.3 Bo. Guaraguao, Bayamón, PR.

9. These areas of concern remain relevant. If validated, the concerns surrounding the timing if the filing of the Petition suggest troubling issues with Debtor's ability to protect the interests of its stakeholders, and potential mismanagement on the part of individuals.

10. The Document Requests, which are attached in **Exhibits A, B, and C**, are reasonably tailored to these concerns and are targeted at the Debtor. Moreover, the Document Requests are targeted specifically at the practices that gave rise to these concerns— seeking documents regarding Debtor's negotiations with the secured creditor and non-debtor- guarantors, valuation and reporting of the estate's assets for the purpose of adequate protection and equity measurement, and determinations of reasonability of expenses for the operation of the business.

11. In addition to the document requests, LogiSYS seeks authorization to issue subpoenas for live examination to relevant individuals from Debtor and/or for corporate representative testimony as deemed necessary. As with the document requests, these examinations will be targeted at the relevant conduct giving rise to these concerns, including but not limited to the topics described above.

12. Rule 2004(c) contemplates the production of documents in conjunction with a Rule 2004 examination. LogiSYS seeks the production of documents by the Debtor, Oriental Bank and Debtor's president and guarantor in his personal capacity, Mr. Henry Barreda Rivera, not later than three (3) business days prior to the Rule 2004 examination; as listed on **Exhibits A, B, and C**, attached hereto.

13. Pursuant to Local Rule 2004-1, prior to filing this Motion, and considering the March 26, 2019 scheduled hearing to discuss arguments on adequate protection and objections to Debtor's disclosure statement and plan of reorganization, LogiSYS's counsel has contacted Debtor's counsel and Oriental Bank's counsel to determine a jointly agreeable date for the examination and production of documents, but due to the time constraints, LogiSYS files this Motion in the event that such a convenient date is not agreed upon.

WHEREFORE, LogiSYS respectfully moves this Court to enter an Order for the Debtor and Oriental Bank's designated officer to appear and testify under oath at a Rule 2004 examination <u>at a date to be agreed upon in the week starting on March 4, 2019 but not later than March 8, 2019</u>[2] in the office of undersigned counsel, and to produce all documents set forth in **Exhibits A, B and C** at the offices of Goldman Antonetti & Cordova LLC, not later than three (3) business days prior to the examination date, and for such other and further relief as this Court deems just and proper.

NOTICE OF TIME TO RESPOND

Any party who objects to the examination shall serve and file an objection or motion for protective order with the U.S. Bankruptcy Court for the District of Puerto Rico within fourteen (14) days of service of this Motion for a Fed. R. Bankr. P. 2004 Examination, and three (3) additional days if you were served by mail, pursuant to Fed. R. Bankr. P. 2006(f). If no objection or motion for protective order is timely filed, the court may grant the motion for examination without further notice or a hearing.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing document with the Clerk using CM/ECF system, which will send notification of such filing to Debtor(s) attorney, the US Trustee and to all CM/ECF participants.

In San Juan, Puerto Rico, this February 12, 2019.

---

[2] Notices sent to Oriental Bank, Mr. Henry Barreda and Debtor's representative Annie Astor include the following dates: March 5 at 10;30am, March 6 at 10:30am and March 6 at 3:00pm respectively.

GOLDMAN ANTONETTI & CORDOVA, LLC.
ATTORNEYS FOR CREDITOR, LOGISTIC SYSTEMS, INC.
American International Plaza, Fifthteen Floor
250 Muñoz Rivera Avenue
San Juan, PR 00918
Tel: (787) 759-4117
Fax: (787) 767-9177


*/s/ Solymar Castillo Morales*
Solymar Castillo Morales
USDC-PR #218310
e-mail: scastillo@gaclaw.com


*/s/ Carlos A. Rodríguez Vidal*
Carlos A. Rodríguez Vidal
USDC-PR #201213
e-mail: crodriguez-vidal@gaclaw.com