# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**SKYTEC, INC.**<br><br>**DEBTOR** | **CASE NO. 18-05288(ESL)**<br>**CHAPTER 11** |

*MOTION FOR RECONSIDERATION AND TO VACATE ORDER ENTERED AT DOCKET 109 GRANTING LOGISTIC'S "MOTION FOR ENTRY OF ORDER DIRECTING EXAMINATION UNDER RULE 2004 AND PRODUCTION OF DOCUMENTS" FILED AT DOCKET 108*

**TO THE HONORABLE COURT**:

COMES NOW, **ORIENTAL BANK ("Oriental"),** through its undersigned attorney and very respectfully states and prays:

## PROCEDURAL AND FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code") on September 12, 2018 (the "Petition Date").

2. On November 27, 2018, Debtor and Oriental filed a "Stipulation for Interim Use of Cash Collateral and Adequate Protection" (the "Stipulation"). *See, Docket 67.*

3. On December 4, 2018, Logistic System Inc. ("Logistic") filed an "Objection to Joint Stipulation for the Interim Use of Cash Collateral and Adequate Protection" ("Logistic's Objection"). *See, Docket 71*

4. On December 24, 2018, Oriental filed its Reply to Logistic's Objection to Stipulation. *See, Docket 76.*

5. On January 3, 2019, the Honorable Court entered an order setting a hearing for March 26, 2019, on the contested matter initiated by Logistic's Objection and approving the

Stipulation for the interim use of cash collateral between Debtor and Oriental up to the date of the hearing. *See, Docket 79.*

6. On February 12, 2019, Logistic filed and served upon Oriental Bank an "Motion for Entry of Order Directing Examination under Rule 2004 and Production of Documents; and Notice of Intent to Take Rule 2004 Examination directed to Oriental" (Logistic's "Application for Examination"). Logistic's Application for Examination and the attached Notice included a 14-day notice period to file and serve any objection or motion for protective order. The Notice directed to Oriental specifically stated that "Oriental shall have until February 26, 2019 to lodge objection with respect to the document requests set forth on Exhibit 1". *See, Dockets 108 and 108-1.*

7. On February 14, 2019, that is two days after Logistic filed and served its Application for Examination, the Honorable Court entered an order granting Logistic's Application for Examination. *See, Docket 109.*

8. Pursuant to FRCP 59(e) and FRCP 60(b), as incorporated by Bankruptcy Rule 9023 and 9024 respectively, Oriental hereby moves for the reconsideration of the Order, entered at Docket 109, granting Logistic's Application for Examination under Rule 2004 for the following reasons: First, the 14-days notice provided by LBR 2004-1 and in Logistic's Application for Examination to object the same or to request a protective order had not elapsed, at the time that the Honorable Court entered the Order granting the same. Second, pursuant to FRCP 45(d), made applicable in bankruptcy cases by FRBP 9016 provides that an objection to a subpoena must be served before the earlier of the time specified for compliance, (which in this case is March 5, 2019) or 14 days after the subpoena is served. Third, Logistic's Application for Examination is legally flawed in view that there is a contested matter regarding the use of cash collateral, which is

scheduled for a hearing, and LBR Rule 2004 specifically states that the provisions for examination under such rule is inapplicable to pending contested matters.

9. On the other hand, Oriental submits that Logistic's Application for Examination seeks to discover confidential information of non-debtor parties, which Oriental as a federal regulated banking institution as a duty to protect. Likewise, Logistic's Application for Examination should be quashed or limited as it pretends to discover commercial information of Oriental Bank which is not related to the contested matter regarding the use of cash collateral, Debtor's prospect of reorganization or the administration of the estate. Nevertheless, Oriental has not had the sufficient time allowed by the FRBP 2004 and LBR 2004 to properly and timely address these issues and move for the quashing of the subpoena or file a request for protective order.

10. Oriental understand that the Order granting Logistic's Application for Examination is premature and in turn constitute a violation of Oriental's rights to a due process. Granting this motion and allowing Oriental until February 26, 2019 to move for the quashing of the subpoena or file a request for protective order will prevent a manifest injustice or unfair prejudice to Oriental Bank.

## APPLICABLE LAW

a) **Fed. R. Civ. P. 59 (e).**

Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. F.R.Bank.P. 9023.

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146

n.2 (1st Cir. 2004)). The First Circuit in *Marie* also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Bankr. Pro. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). Conversely, Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. *Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A.,* 897 F.2d 611, 616 (1st Cir. 1990).

Accordingly, a judgment or Court order may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Hill v. Tammac Corporation,* 2006 WL 529044, at 2.

 b) **Fed. R. Civ. P. (60)**

Rule 60(b), made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9024, provides that a party may seek relief from judgment for certain reasons, including: "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

To prevail on a Rule 60(b) motion, the movant must demonstrate: (1) timeliness, (2) exceptional circumstances justifying relief, and (3) the absence of unfair prejudice to the opposing

party. *See, Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir.1992).

Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b). *See, Davila–Alvarez*, 257 F.3d at 63. The denial of a Rule 60(b) motion should be reviewed with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002); s*ee also U.S. Steel v. M. DeMatteo Constr. Co.,* 315 F.3d 43, 51 (1st Cir.2002) (citations omitted).

A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense, and that no unfair prejudice will accrue to the opposing parties should the motion be granted. *Rodríguez Camacho,* 361 B.R. 294 (1st Cir.BAP, 2007) (citing *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002)).

**WHEREFORE,** Oriental Bank respectfully request from this Honorable Court to reconsider and vacate its Order entered at Docket 109 granting the Logistic's "Motion for Entry of Order directing Examination under Rule 2004 and Production of Documents" and to allow Oriental until February 26, 2019 to move for the quashing of Logistic's subpoena or to file a request for a protective order.

In San Juan, Puerto Rico, the 14th day of February, 2019.

## **NOTICE PURSUANT PUERTO RICO LOCAL BANKRUPTCY RULE 9013-1(H)**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor, **SKYTEC, INC.** at the address on record: 500 CARR 869, SUITE 501, CATAÑO, PUERTO RICO 00962; and through CM/ECF to the following parties: Debtor's attorney, the US Trustee, and Logistic System, Inc; and all participants.

**DELGADO & FERNÁNDEZ, LLC**
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
☎ (787) 274-1414
🖨 (787) 764-8241


**S/MARISTELLA SÁNCHEZ RODRÍGUEZ**
MARISTELLA SÁNCHEZ RODRÍGUEZ
USDC-PR #224714
msanchez@delgadofernandez.com