## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**SKYTEC, INC.**

      **DEBTOR**
_____

CASE NO. 18-05288(ESL)
CHAPTER 11

*MOTION TO QUASH LOGISTIC SYSTEMS, INC.'S SUBPOENA FOR RULE 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS*

TO THE HONORABLE COURT:

Comes now, ORIENTAL BANK (Oriental), through its undersigned counsel and respectfully alleges and prays as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code") on September 12, 2018 (the "Petition Date").

2. On November 27, 2018, Debtor and Oriental filed a "Stipulation for Interim Use of Cash Collateral and Adequate Protection" (the "Stipulation"). *See, Docket 67.*

3. On December 4, 2018, Logistic System Inc. ("Logistic") filed an "Objection to Joint Stipulation for the Interim Use of Cash Collateral and Adequate Protection" ("Logistic's Objection"). *See, Docket 71*

4. On December 24, 2018, Oriental filed its Reply to Logistic's Objection to Stipulation. *See, Docket 76.*

5. On January 3, 2019, the Honorable Court entered an order setting a hearing for March 26, 2019, on the contested matter initiated by Logistic's Objection and approving the Stipulation for the interim use of cash collateral between Debtor and Oriental up to the date of the hearing. *See, Docket 79.*

6. On February 12, 2019, Logistic filed and served upon Oriental Bank an "Motion for Entry of Order Directing Examination under Rule 2004 and Production of Documents; and Notice of Intent to Take Rule 2004 Examination directed to Oriental" (Logistic's "Application for Examination"). Logistic's Application for Examination and the attached Notice included a 14-day notice period to file and serve any objection or motion for protective order. The Notice directed to Oriental specifically stated that "Oriental shall have until February 26, 2019 to lodge objection with respect to the document requests set forth on Exhibit 1". *See, Dockets 108 and 108-1.*

7. On February 14, 2019, that is two days after Logistic filed and served its Application for Examination, the Honorable Court entered an order granting Logistic's Application for Examination. *See, Docket 109.*

8. On February 14, 2019, Oriental filed a "Motion for Reconsideration and Request to Vacate Order entered at Docket 109". *See, Docket 110.*

9. Oriental objects to the Subpoena and requests that the same be quashed based on the following grounds: (a) Logisitic's Objection to the Stipulation for Interim Use of Cash Collateral filed between Debtor and Oriental is a contested matter, which in turn requires that any discovery sought be made pursuant to FRBP 7030; (b) Logistic's Request for Document Production is Unspecific, Unduly Broad and Overburdensome upon Oriental Bank; (c) the Subpoena seeks privileged, confidential or private information about third parties not related to debtor's bankruptcy case and/or Oriental's commercial relations with its vendors.

10. In support of Oriental's objection, and pursuant to LBR 9013-2 which requires a supporting Memorandum of Law with all written motions, Oriental submits the following Memorandum of Law.

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

a. **Rule 45 of the Federal Rules of Civil Procedure.**

Rule 9016 of the Federal Rules of Bankruptcy Proceeding, makes applicable FRCP 45 to cases under the Bankruptcy Code.

FRCP(c) reads in the pertinent part as follows:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur

substantial expense to travel more than 100 miles to attend trial.

b. **Debtor's and Oriental's Stipulation for Interim Use of Cash Collateral and Logistic's Objection are contested matters, requiring discovery to be sought pursuant to FRBP 7030.**

The Stipulation for Interim Use of Cash Collateral executed by and between Debtor and Oriental Bank, and Logistic's Objection to the same, are contested matters as contemplated by in FRBP 9014. Specifically, FRBP 4001(b), governing motions seeking the use of cash collateral, requires that such motion practice be conducted "in accordance

with Rule 9014". Likewise, any disputed matter that is not specifically listed in FRBP 7001 is typically a contested matter pursuant to FRBP 9014(a).

Contested matters are only subject to the "less elaborate procedures" in Bankruptcy Rule 9014 and involve the "adjudication of simple issues, often on an expedited basis" (see *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992), *cert. dismissed*, 507 U.S. 1048 (1993)). An adversary proceeding can continue for lengthy periods of time depending on its complexity, but a contested matter can resolve issues in weeks "without sacrificing due process" (see *In re Fagan*, 559 B.R. 718, 725 (Bankr. E.D. Cal. 2016)).

Given the ongoing dispute, commenced by Logistic, as to the Stipulation for Use of Cash Collateral, Logistic's Request for Examination and Production of Documents under Rule 2004 is improper and discovery must be sought instead pursuant to Rule 7030.

FRBP 2004(a) allows the court, upon motion of any party in interest or upon an *ex-parte* basis, to order the examination of any entity. The examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Fed.R.Bankr.P. 2004(b). Third parties are also subject to examination under this rule if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding. *In re Dinubilo,* 177 B.R. 932, 940 (E.D.Cal.1993); *In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr.S.D.N.Y.1991). The scope of this examination is admittedly "unfettered and broad" (*see In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr.D.Mass.1983)), and indeed is

commonly recognized as more in the nature of a "fishing expedition." *In re Wilcher,* 56 B.R. 428, 433 (Bankr.N.D.Ill.1985). The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed. *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 708 (Bankr.S.D.N.Y.1991); *In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674 (Bankr.E.D.Pa.1990). It is properly used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt. *Sweetland v. Szadkowski (In re Szadkowski),* 198 B.R. 140, 141 (Bankr.D.Md.1996). While FRBP 2004 seems straightforward, caselaw interpreting it has established certain distinctions to be noted in its application. An important distinction is when the discovery provisions of the Fed.R.Civ.P., as incorporated by reference into the Fed.R.Bankr.P., must be used rather than the more liberal FRBP 2004. As FRBP 2004 is meant to give the inquiring party broad power to investigate the estate, it does not provide the procedural safeguards offered by FRBP 7026. *In re Bakalis,* 199 B.R. 443, 447–48 (Bankr.E.D.N.Y.1996); *Dinubilo,* 177 B.R. at 939.

Further, "Rule 2004 may not be used to circumvent the protections offered under the discovery rules, 7026 to 7037. *See In re Silverman,* 36 B.R. 254, 10 C.B.C.2d 1219, 1226, cited in *In re Kipp,* 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988). *See also, In re Valley Forge,* 109 B.R. at 675 ("Many courts have expressed distaste for efforts of parties to utilize R2004 examinations to circumvent the restrictions of the F.R.Civ.P. in the context of adversary proceedings or contested matters."). Such protections may include for example, Oriental's right to object irrelevant questioning, to assert certain privileges, and to cross-

examine the deponent. Protections such as these are necessary in the context of dispute-related discovery, and, given that Logistic seeks information from Oriental in the midst of a contested matter, Oriental must not be deprived of these protections.

    c. **Logistic's Request for Document Production is Unspecific, Unduly Broad and Overburdensome upon Oriental Bank.**

In this case, Logistic's Exhibit A attached to the Subpoena served upon Oriental Bank, and regarding its Request for Production of Documents, contains the following definition and instruction, in its paragraph 15:

> "15. Unless a different time period is specified, the applicable time period for each document request shall run from January 1, 2008 through the present."

Furthermore, only on Request for Production numbers 2 [incorrectly numbered as number "3"] and 4, of the section titled "Documents to Be Produced in Connection with the Examination", Logistic limits the time frame for its request for production of documents. Thus, and given the broad definition of the word "Document", Oriental submits that Request for Production of documents no. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 is unduly broad and overly burdensome as it encompasses a more than a decade worth of materials, in that it seeks for "Any and all Documents discussing, detailing, analyzing, or pertaining to (… [certain matter specified therof])".

Oriental submits that Logisitic's request for production of documents should be limited to the loan transactions object of Oriental's Proof of Claim no. 5. Logistic's broad request may capture many documents, but they are irrelevant to the contested matter for the use of cash collateral and/or for Debtor's affairs or reorganization.

Here, and except for paragraphs number 2 [incorrectly numbered as number "3"] and 4 the Subpoena lacks specificity with regard to the date and subject matter of the documents demanded. Likewise, and specifically Request for Production of Documents no. 10, it seeks to discover *"any and all Documents, including but not limited to communications emails, or other correspondence, by and between Debtor, Oriental Bank and/or **any Person** regarding the Loan Agreement or Collateral'* is extremely ample and excessive. *See, Moon v. SCP Pool Corp.* 232 F.R.D. 633 (C.D. Cal., 2005), (subpoena was overbroad and imposed an undue burden where it sought any and all documents over more than a ten year period regarding the product at issue in the lawsuit). According to the subpoena, the documents demanded are from January 1, 2008 to present, when in contrast the bankruptcy case was filed on September 12, 2018. The burden of conducting this review and production would necessarily outweigh any benefit to Logistic, or the estate, because of its irrelevant material.

d. **The Subpoena seeks privileged, confidential or private information about Oriental Bank and other non-debtor parties that not relevant or related to debtor's bankruptcy case.**

The scope of the permissible examination is defined by FRBP 2004(b) which provides in the relevant part:

> (b) SCOPE OF EXAMINATION. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the

> source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Although the scope of the examination permitted under Bankruptcy Rule 2004 is broad it is not without limits. The examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper. *In Re Johns-Manville Corp.,* 42 B.R. 362, 364 (S.D.N.Y.1984).

Thus, although Rule 2004 permits examinations of "third parties" the language of the rule makes it "evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." *In Re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr.D.Mass.1983). It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs.

In this case, Request for Production of Documents no. 11 seeks to discover *"any and all Documents detailing professional fees and expenses incurred by Oriental Bank in relation to the Loan Agreement, including, but not limited to, invoices and other bills"*. Oriental submits that with this request, which has no relation whatsoever to Debtor's prospect of reorganization and/or the administration of the bankruptcy estate, Logistic seeks to discover confidential and proprietary information regarding the commercial relationship between Oriental and its vendors. It is Oriental's position that Logistic must demonstrate good cause for the proposed request for production of documents.

On the other hand, Oriental also objects to Request for Production of Documents no. 10, in view that is unlimited and is seeking to discover *"any and all Documents, including but not limited to communications emails, or other correspondence, by and*

*between Debtor, Oriental Bank and/or any Person regarding the Loan Agreement or Collateral'*. Oriental submit such unlimited request, as it refers to any Person, also encompasses the discovery of privileged information protected by attorney-client privilege or attorney work product.

### BURDEN OF PROOF

As an initial matter, the party who moves to quash a subpoena has the "burden of persuasion" under FRCP 45(c)(3). *Travelers Indem. Co. v. Metropolitan Life Insur. Co. 228 F.R.D. 111*. Oriental's burden has been satisfied, it is now up to the creditor, Logistic to explain to this Honorable Court why it seeks the unlimited production of all documents, regardless of their relevancy and broadness.

**WHEREFORE,** Oriental Bank respectfully request from this Honorable Court that it enters an Order quashing and/or limiting creditor's, Logistic's subpoena issued, and to stay the examination under FRBP 2004 until further disposition of the court.

**Respectfully Submitted.**

In San Juan, Puerto Rico on February 26, 2019.

### NOTICE PURSUANT PUERTO RICO LOCAL BANKRUPTCY RULE 9013-1(H)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor, **SKYTEC, INC.** at the address on record: 500 CARR 869, SUITE 501, CATAÑO, PUERTO RICO 00962; and through CM/ECF to the following parties: all participants;

Debtor's attorney, the US Trustee, and Logistic System, Inc through its attorneys of record: **Solymar Castillo Morales, Esq.; Bryan T. Glover, and Carlos A. Rodríguez Vidal.**

**DELGADO & FERNÁNDEZ, LLC**
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
☎ (787) 274-1414
🖷 (787) 764-8241

**<u>S/MARISTELLA SÁNCHEZ RODRÍGUEZ</u>**
MARISTELLA SÁNCHEZ RODRÍGUEZ
USDC-PR #224714
msanchez@delgadofernandez.com