# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 18-05288 (ESL) |
| SKYTEC, INC. | |
| Debtor | CHAPTER 11 |

## REPLY TO LOGISTIC SYSTEMS, INC.'S OBJECTION
## TO FINAL APPROVAL OF DISCLOSURE STATEMENT

TO THE HONORABLE COURT:

Comes now Debtor through its undersigned counsel and very respectfully states and prays:

1. On September 12, 2018, Debtor filed its voluntary petition for reorganization under the provisions of Chapter 11 of the Bankruptcy Code, and as of that date has been operating its business and managing its affairs as a debtor in possession, as provided for in the Bankruptcy Code. See Docket No. 1.

2. On January 16, 2019, Debtor filed its Disclosure Statement and Plan of Reorganization. See Docket Nos. 91 and 92.

3. On January 23, 2019, this Court entered an order conditionally approving Debtor's Disclosure Statement. See Docket No. 97.

4. On March 15, 2019, Logistic Systems, Inc. ("Logistics") filed an objection to the approval of Debtor's Disclosure Statement. See Docket No. 130

5. Debtor will proceed to refute all the allegations contained in the objection

filed by Logistics in the same order as these were raised.

### I. THE DEBTOR'S LIQUIDATION ANALYSIS IS INSUFFICIENT

6. Logistics alleges that Debtor's liquidation analysis is "insufficient" because it allegedly did not include alleged preferential transfers. The allegation of preferential transfer was previously made by Logistics via email to the undersigned counsel. Said email was properly answered as follows:

> "First, in order for a debtor to recover any alleged preferential payments, it must prove several factors. One of said factors is that the payment was for or on account of a past-due debt owed by the debtor before the payment was made. The majority of the payments made within the 90 days before the bankruptcy filing were made only when the debt became due; and as such said debts were not past-due. Another factor that be proven is that the payments were made while the debtor was insolvent. Although the Bankruptcy Code provides an inference that the debtor is insolvent during the 90 days prior to filing a bankruptcy petition, in the instant case the debtor was solvent and as such all such payments cannot be recovered. See *Silverman Consulting, Inc. v. Hitachi Power Tools, U.S.A. (In re Payless Cashways, Inc.)*, 290 B.R. 689 (Bank. W.D. Mo. 2003) and *Heilig-Meyers Co. vs. Wachovia Bank NA (In re Heilig-Meyers Co.)* 328 B.R. 471 (E.D. Va. 2005).
>
> Furthermore, even assuming, *in arguendo*, that the payments were made for past-due debts while the Debtor was insolvent, the payments could not be recovered insofar as they were made in the ordinary course of business. A mere glimpse into Debtor's records and modus operandi with all its creditors, including Logistics, shows that Debtor has always paid its creditors when it receives payments from the government's contracts. As such, all payments were made in Debtor's ordinary course of business.
>
> In summary, there are no preferential transfers in the subject case insofar as all payments made by Debtor within the 90 days before the bankruptcy filing were made while Debtor was solvent, were for debts that were not past-due, and/or were made in the ordinary course of business."

7. As explained therein, there are no preferential transfers that Debtor could assert. As such, no inclusion was warranted in the disclosure statement and/or the liquidation analysis.

8. However, what is really troubling is the false allegation made by Logistics

Logistics at Page 7 of its motion regarding the payment or payments that were allegedly not disclosed by Debtor. In a feeble attempt to prove its allegation, Logistics includes as an exhibit the pages of the monthly operating report for September 2018 wherein it alleges that a payment in the amount of $166,666 was made and not disclosed in the statement of financial affairs. However, in the very same page wherein the alleged payment is listed, a credit for the same amount is also listed. The explanation is obvious, the check was initially printed by mistake and was then voided. As such, the check is listed but the credit is also listed. A copy of the relevant pages of the reconciliation of the checking account with the items highlighted is attached hereto as well as a copy of the voided check. The question now is: how is it even possible that Logistics "independently confirmed" (see Paragraph 21 at Page 7 of Logistics' motion) that said payment was made when in fact it was never made? These false statements, which are made in a clear effort to muddy the waters, should not only be stricken from the record but sanctioned by this Court.

9. In a further effort to try to discredit Debtor, Logistics submits a list of payments made to Debtor's insiders, all of which were duly disclosed in the statement of financial affairs. All of said payments are part of the insiders' compensation package as thoroughly discussed not only in the 341 Meeting of Creditors but also in the Rule 2004 Examination that was conducted by Logistics. There is no evidence whatsoever that said payments were illegal and/or unwarranted. But Logistics does not stop there, it continues to submits innuendos in an effort to muddy the waters by alleging that payments were made "on account of the personal credit cards of the Debtor's officers".

officers". This truly exemplifies the bad faith in Logistics' arguments. Debtor proceeded to respond a request for production of documents made by Logistics after the 341 Meeting wherein Debtor produce the documental evidence to prove that all the charges that were made in said credit cards were attributable to Debtor for purchases and expenses. Logistics' silence regarding the abundant evidence that they have in their possession speaks volumes as to their true intention.

10. In summary, there are no potentially avoidance actions to disclose and/or to include in Debtor's disclosure statement.

11. Lastly, Logistics alleges that Debtor's Disclosure Statement does not provide adequate information about the valuations of its assets. Debtor directs the Court to the Liquidation Analysis included as Exhibit E of the Disclosure Statement. The same is not only comprehensive but goes far beyond the typical liquidation analysis. Simply put, Logistics' allegation is not only legally groundless but factually false.

## II. THE DISCLOSURE STATEMENT LACKS ADEQUATE INFORMATION ABOUT FEASIBILITY

12. It suffices to say that feasibility is a confirmation issue and not a disclosure issue. As such, this allegation will be addressed in the reply to the objection to the confirmation of Debtor's plan.

13. Notwithstanding the aforementioned, it must be clarified that Debtor had no nonresidential real estate leases to assume insofar as the only two leases of such nature are month to month leases as duly disclosed in the schedules and thoroughly discussed in the 341 Meeting of Creditors.

## III. THE DISCLOSURE STATEMENT LACKS ADEQUATE INFORMATION ABOUT THE CLASSIFICATION AND TREATMENT OF CLAIMS

14. The fist allegation in this sub-section of Logistics' motion is regarding the deadline to object claims. As disclosed in the Disclosure Statement, said deadline was 30 days before the confirmation hearing. Since said period elapsed already, if Debtor wants to file an objection to claim, it must request leave from the Court. However, all creditors that had a contingent claim have a fiduciary duty to amend its claim upon the same becoming an allowed final claim. Debtor complied with its duty to disclose a deadline to file objections to claims and as such no further disclosure is needed.

15. Regarding the details of the collateral held by Oriental Bank, the disclosure statement provided the correct description. This is a fact well known by Logistics, who is the only entity objecting to the use of cash collateral.

16. Lastly, and as in all bankruptcy cases, the executory contracts are placed in a separate class because they are of a different nature than the general unsecured claims. In order for the Debtor to be able to assume an executory contract it must cure all pre-petition arrears. As such, this is one of the exemptions in the Bankruptcy Code for a debtor to pay pre-petition claims. In the instant case, Debtor will cure all pre-petition defaults upon the confirmation of its plan as detailed in the Disclosure Statement. All payments to be made are to cure the pre-petition claims of said claimants. A mere glimpse at the proof of claims filed in the captioned case shows that said claimants have pre-petition claims against the Debtor.

**WHEREFORE**, Debtor respectfully requests that this Court denies the objection to the disclosure statement filed by Logistics; proceeds with the final approval of Debtor's disclosure statement; and impose severe sanctions upon Logistics for the false representations made to the Court.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

San Juan, Puerto Rico, this 24th day of March, 2019.

*s/ Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
E-Mail: alex@fuentes-law.com

|  |  | SKYTEC |  |  |  |
|---|---|---|---|---|---|
|  |  | BANK RECONCILIATION |  |  |  |
|  |  | FIRST BANK |  |  |  |
|  |  | 9/30/2018 |  |  |  |
|  | G/L ACC | 1011-000-00 |  |  |  |
|  | BANK CODE | H | Book | Bank |  |
|  | BANK ACC. | 1409200705 |  |  |  |
|  |  |  | 416,307.91 | 426,324.24 |  |
|  |  | Ostanding ckeck |  | (10,016.33) |  |
|  |  |  | 416,307.91 | 416,307.91 |  |
|  |  | ENDING BALANCE |  | - |  |
|  |  | oustanding ck |  |  |  |
|  |  | SKYTEC,INC. |  |  |  |
|  | check # | OUSTANDING CKS |  |  |  |
|  | 8392 | 6/21/2018 | Peiker International Inc | 556.00 |  |
|  | 8496 | 8/7/2018 | Henry L barreda | 238.78 |  |
|  | 8517 | 9/4/2018 | Gerardo Rivera | 150.00 |  |
|  | 8549 | 9/11/2018 | lincoln | 1,500.00 |  |
|  | 8552 | 9/11/2018 | secretario de hacienda | 540.00 |  |
|  | 8553 | 9/11/2018 | liberty | 4,884.54 |  |
|  | 8554 | 9/11/2018 | vista color | 1,187.47 |  |
|  | 960550 | 6/7/2018 | great lakes | 265.08 |  |
|  | 960610 | 9/12/2018 | credit card 2993 | 694.46 |  |
|  |  |  |  | 10,016.33 |  |
|  |  | Reconcile by : Ana Colon |  |  |  |

falta sobrah.

| check | Fecha | | Deposito | Cheque | BALANCE |
|---|---|---|---|---|---|
| 960598 | 8/31/2018 | Secretario de Hacienda | | 702.24 | 30,269.94 |
| | 9/4/2018 | service fee 8-31 | | 10.04 | 30,259.90 |
| | 9/4/2018 | reversi je2841 | | 10.04 | 30,249.86 |
| | 9/4/2018 | Fred Voltagio CHK: 6978 | 19.99 | | 30,269.85 |
| | 9/4/2018 | corregir ajuste service fee | 20.08 | | 30,289.93 |
| | 9/4/2018 | Alex Hornedo Roble CHK | 24.99 | | 30,314.92 |
| | 9/4/2018 | Daniel Báez CHK: CASH | 25.00 | | 30,339.92 |
| | 9/4/2018 | GENERAL OFFICE IND | 49.95 | | 30,389.87 |
| | 9/4/2018 | Stone & Tile CHK: 1064 | 49.98 | | 30,439.85 |
| | 9/4/2018 | Safe Life Ambulanc CHK: | 99.96 | | 30,539.81 |
| | 9/4/2018 | New Modem CHK: 2624 | 149.94 | | 30,689.75 |
| | 9/4/2018 | Day and Night Tran CHK: | 369.83 | | 31,059.58 |
| | 9/4/2018 | Saldaña ,Carvajal & Velez | 2,894.85 | | 33,954.43 |
| | 9/4/2018 | Agencia Estatal Ma CHK: | 1,233,975.56 | | 1,267,929.99 |
| 8506 | 9/4/2018 | Saldaña ,Carvajal & Velez -Riv | | 2,894.85 | 1,265,035.14 |
| 8506 | 9/4/2018 | Saldaña ,Carvajal & Velez -Riv | | 2,894.85 | 1,262,140.29 |
| 8508 | 9/4/2018 | Alfredo J. López Jimenez, CPA | | 1,000.00 | 1,261,140.29 |
| 8509 | 9/4/2018 | Royal Properties Inc. | | 7,687.50 | 1,253,452.79 |
| 8510 | 9/4/2018 | Oriental Bank | | 12,786.49 | 1,240,666.30 |
| 8511 | 9/4/2018 | Central Credit Corp. | | 533.34 | 1,240,132.96 |
| 8512 | 9/4/2018 | COMSITE | | 9,175.26 | 1,230,957.70 |
| 8513 | 9/4/2018 | Firstbank | | 928.91 | 1,230,028.79 |
| 8514 | 9/4/2018 | FirstBank | | 1,164.00 | 1,228,864.79 |
| 8515 | 9/4/2018 | FirstBank | | 1,003.00 | 1,227,861.79 |
| 8516 | 9/4/2018 | Felix Rodriguez | | 296.95 | 1,227,564.84 |
| 8517 | 9/4/2018 | Gerardo Rivera | | 150.00 | 1,227,414.84 |
| 8518 | 9/4/2018 | HUGO HERNANDEZ | | 1,000.00 | 1,226,414.84 |
| 8519 | 9/4/2018 | José Dávila | | 900.00 | 1,225,514.84 |
| 8520 | 9/4/2018 | MCS Life Insurance | | 9,061.62 | 1,216,453.22 |
| 8521 | 9/4/2018 | Nadja Gonzalez Conde | | 92.85 | 1,216,360.37 |
| 8522 | 9/4/2018 | Liberty Cablevision of PR | | 1,711.27 | 1,214,649.10 |
| 960595 | 9/4/2018 | Great lakes | | 265.08 | 1,214,384.02 |
| 960597 | 9/4/2018 | Pentagon Federal Credit Union | | 613.78 | 1,213,770.24 |
| 960600 | 9/4/2018 | Secretario de Hacienda | | 1,279.91 | 1,212,490.33 |
| | 9/6/2018 | Specialty Training CHK: A | 149.94 | | 1,212,640.27 |
| 8523 | 9/6/2018 | SkyTec, Inc. | | 75,000.00 | 1,137,640.27 |
| 8524 | 9/6/2018 | Jose Manuel Fernandez | | 751.99 | 1,136,888.28 |
| 8525 | 9/6/2018 | William Fernandez Mascaro | | 20,108.00 | 1,116,780.28 |
| 8526 | 9/6/2018 | Tessco | | 65,537.93 | 1,051,242.35 |
| 8528 | 9/6/2018 | Adriel Longo | | 51,508.53 | 999,733.82 |
| 8529 | 9/6/2018 | Fernando Carbonell Torres | | 10,056.33 | 989,677.49 |
| 8530 | 9/6/2018 | Jorge Rivera | | 31,745.12 | 957,932.37 |
| 8531 | 9/6/2018 | Lillian Ramos Medina | | 40,225.76 | 917,706.61 |
| 960601 | 9/6/2018 | CREDIT CARD | | 1,286.13 | 916,420.48 |
| 960602 | 9/6/2018 | ORIENTAL | | 5,000.00 | 911,420.48 |
| 960603 | 9/6/2018 | CREDIT CARD | | 9,947.99 | 901,472.49 |
| 960604 | 9/6/2018 | CREDIT CARD | | 574.68 | 900,897.81 |
| 960605 | 9/6/2018 | CREDIT CARD | | 10,990.10 | 889,907.71 |

| | Date | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| | 9/7/2018 | Danosa Caribbean I CHK | 99.80 | | 890,007.51 |
| | 9/7/2018 | Warco Corporation CHK: | 99.96 | | 890,107.47 |
| | 9/7/2018 | Specialty Training CHK: A | 149.94 | | 890,257.41 |
| | 9/7/2018 | Puerto de Ponce CHK: 20 | 210.00 | | 890,467.41 |
| | 9/7/2018 | ADM SERVICIOS MED ( | 3,000.00 | | 893,467.41 |
| | 9/7/2018 | Municipio de San L CHK: | 3,747.00 | | 897,214.41 |
| | 9/7/2018 | Municipio de San L CHK: | 3,747.00 | | 900,961.41 |
| | 9/10/2018 | Speedcast 008539 | 3,700.00 | | 904,661.41 |
| | 9/10/2018 | REI 008538 | 4,010.40 | | 908,671.81 |
| | 9/10/2018 | Zoll Data 008543 | 13,122.32 | | 921,794.13 |
| | 9/10/2018 | Adriel Longo 008528 | 51,508.53 | | 973,302.66 |
| | 9/10/2018 | Shakil Shafique 008541 | 150,416.66 | | 1,123,719.32 |
| 8527 | 9/10/2018 | Adriel Longo | | 42,541.14 | 1,081,178.18 |
| 8532 | 9/10/2018 | Daniels Electronics LTD | | 344,699.90 | 736,478.28 |
| 8533 | 9/10/2018 | Kenwood Comm. Corp. | | 29,212.94 | 707,265.34 |
| 8534 | 9/10/2018 | MVS Leading Satellite Communic | | 38,179.88 | 669,085.46 |
| 8537 | 9/10/2018 | Peiker International Inc | | 556.00 | 668,529.46 |
| 8538 | 9/10/2018 | REI | | 4,010.40 | 664,519.06 |
| 8538 | 9/10/2018 | Jose Manuel Fernandez | | 464.35 | 664,054.71 |
| 8539 | 9/10/2018 | Speedcast | | 3,700.00 | 660,354.71 |
| 8539 | 9/10/2018 | Speedcast | | 3,700.00 | 656,654.71 |
| 8540 | 9/10/2018 | Alfredo J. López Jimenez, CPA | | 3,200.00 | 653,454.71 |
| 8541 | 9/10/2018 | Shakil Shafique | | 150,416.66 | 503,038.05 |
| 8542 | 9/10/2018 | Shakil Shafique | | 1,250.00 | 501,788.05 |
| 8543 | 9/10/2018 | Zoll Data | | 13,122.32 | 488,665.73 |
| 8543 | 9/10/2018 | Zoll Data | | 13,122.32 | 475,543.41 |
| 8536 | 9/10/2018 | REI | | 4,010.40 | 471,533.01 |
| 960596 | 9/10/2018 | Internal Revenue Services | | 5,990.79 | 465,542.22 |
| | 9/11/2018 | ORIENTAL 960609 | 3,433.74 | | 468,975.96 |
| | 9/11/2018 | Internal Revenue Service | 5,990.79 | | 474,966.75 |
| 8505 | 9/11/2018 | TX RX Systems Inc./Bird Techno | | 4,805.43 | 470,161.32 |
| 8544 | 9/11/2018 | AT&T | | 2,303.17 | 467,858.15 |
| 8545 | 9/11/2018 | AT&T | | 3,525.44 | 464,332.71 |
| 8546 | 9/11/2018 | AT&T | | 1,245.66 | 463,087.05 |
| 8547 | 9/11/2018 | Henry Barreda Diaz | | 2,310.51 | 460,776.54 |
| 8548 | 9/11/2018 | UNITED PARCEL SERVICE | | 804.28 | 459,972.26 |
| 8549 | 9/11/2018 | Lincoln Financial Group | | 1,500.00 | 458,472.26 |
| 8550 | 9/11/2018 | M&A CPA ADVISOR | | 35,000.00 | 423,472.26 |
| 8551 | 9/11/2018 | Annie Astor | | 1,639.77 | 421,832.49 |
| 8552 | 9/11/2018 | Secretario de Hacienda | | 540.00 | 421,292.49 |
| 8553 | 9/11/2018 | Liberty Cablevision of PR | | 4,884.54 | 416,407.95 |
| 8554 | 9/11/2018 | Vista Color | | 1,187.47 | 415,220.48 |
| 8555 | 9/11/2018 | Carbonell & Co. | | 2,322.00 | 412,898.48 |
| 960606 | 9/11/2018 | CREDIT CARD | | 11,809.04 | 401,089.44 |
| 960607 | 9/11/2018 | AFLAC | | 2,079.28 | 399,010.16 |
| 960608 | 9/11/2018 | American Express | | 2,387.69 | 396,622.47 |
| 960609 | 9/11/2018 | ORIENTAL | | 3,433.74 | 393,188.73 |
| 960609 | 9/11/2018 | ORIENTAL | | 8,671.65 | 384,517.08 |
| 960610 | 9/11/2018 | CREDIT CARD | | 694.46 | 383,822.62 |
| 960611 | 9/11/2018 | CREDIT CARD | | 316.33 | 383,506.29 |

| | | | | | |
|---|---|---|---|---|---|
| 960612 | 9/11/2018 | CREDIT CARD | | 360.00 | 383,146.29 |
| 960613 | 9/11/2018 | Secretario de Hacienda | | 3,115.18 | 380,031.11 |
| 960614 | 9/11/2018 | Munic. de Cataño | | 265.52 | 379,765.59 |
| | 9/12/2018 | CREDIT CARD 960612 | 360.00 | | 380,125.59 |
| | 9/12/2018 | Secretario de Hacienda 9 | 3,115.18 | | 383,240.77 |
| 8558 | 9/12/2018 | Fuentes Law Offices ,LLC | | 11,017.00 | 372,223.77 |
| 8559 | 9/12/2018 | Kenwood Comm. Corp. | | 1,024.66 | 371,199.11 |
| 8560 | 9/12/2018 | Tessco | | 331.29 | 370,867.82 |
| 960612 | 9/12/2018 | CREDIT CARD | | 360.00 | 370,507.82 |
| | 9/13/2018 | Specialty Training CHK: ACH | | 149.94 | 370,357.88 |
| | 9/13/2018 | Jose Manuel Fernandez ( | 476.57 | | 370,834.45 |
| 8507 | 9/13/2018 | Jose Manuel Fernandez | | 476.57 | 370,357.88 |
| 8507 | 9/13/2018 | Jose Manuel Fernandez | | 476.57 | 369,881.31 |
| 960603 | 9/13/2018 | CREDIT CARD | | 7,725.96 | 362,155.35 |
| 960603 | 9/13/2018 | CREDIT CARD | | 3,457.69 | 358,697.66 |
| 960604 | 9/13/2018 | CREDIT CARD | | 838.90 | 357,858.76 |
| 960611 | 9/13/2018 | CREDIT CARD | | 88.62 | 357,770.14 |
| 960612 | 9/13/2018 | CREDIT CARD | | 165.00 | 357,605.14 |
| | 9/14/2018 | AEROSTAR Airport H CH | 174.93 | | 357,780.07 |
| 8556 | 9/19/2018 | Caribbean Shipping Services | | 150.00 | 357,630.07 |
| 8557 | 9/19/2018 | Wilma Padilla | | 486.09 | 357,143.98 |
| | 9/25/2018 | Oficina del Contra CHK: A | 174.93 | | 357,318.91 |
| | 9/28/2018 | Cuerpo De Emergenc CH | 9,287.00 | | 366,605.91 |
| | 9/28/2018 | Agencia Estatal Ma CHK: | 49,560.00 | | 416,165.91 |
| | 9/30/2018 | diferencia | | 0.38 | 416,165.53 |
| | 9/30/2018 | service fee | | 7.81 | 416,157.72 |
| | 9/30/2018 | diferencia pago credit car | 0.19 | | 416,157.91 |
| | 9/30/2018 | Caribbean Shipping Servi | 150.00 | | 416,307.91 |
| | | | 1,544,365.01 | 1,158,327.04 | |

150,416.66

Check: 008541        9/10/2018        Shakil Shafique

8541

**SKYTEC, INC.**
500 ROYAL INDUSTRIAL PARK
EDIF. E-1
CATANO, PR 00962
TEL (787) 275-5454

FIRSTBANK
CAYEY BR. 14
10-7147/2215

*ONE HUNDRED FIFTY THOUSAND FOUR HUNDRED SIXTEEN AND 66 / 100

DATE
9/10/2018

AMOUNT
********150,416.66*

PAY TO THE ORDER OF

Shakil Shafique
Urb Caldas #2041
Calle Jose Fidalgo Diaz
San Juan, PR 00926
SS001

AUTHORIZED SIGNATURE

⑈008541⑈ ⑆221571473⑆ 14⑈09200705⑈

SKYTEC, INC.                                                                                       8541