UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

SKYTEC, INC.

DEBTOR

CASE NO. 18-05288 (EAG)

CHAPTER 11

STATEMENT REGARDING REQUIREMENTS OF SECTION 1129(a)

TO THE HONORABLE COURT:

COMES NOW Debtor, Skytec, Inc., (hereinafter the "Debtor") through its undersigned Counsel, and in anticipation of the confirmation hearing, submits its statement regarding the requirements of §1129(a) of the Bankruptcy Code and how it will show during the confirmation hearing that its Plan of Reorganization (the "Plan"), as supplemented, complies with each of the requirements of said Section 1, as follows:

**1.    The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.  (§1129(a)(1))**

In compliance with the provisions of Section 1122 of the Bankruptcy Code, the Plan places all claims and interests in a particular class where they are substantially similar to the other claims or the interests of such class.  (See **Article III** of the Plan).

The Plan also complies with the provisions of §1123 of the Bankruptcy Code since:

(a)    It designates classes of claims and interests, and specifies, by class, the claims that are unimpaired.  (See **Articles III** and **IV** of the Plan).

(b)    It also provides adequate means for its execution by indicating that except as otherwise may be agreed upon with Holders of Allowed Administrative Expense Claims, each such claimant shall receive in full satisfaction of its claim an

---

[1] Capitalized terms will have the meaning indicated in the Plan.

amount in Cash equal to the Allowed amount thereof on the Effective Date of the Plan (the "Effective Date"). If Debtor or the Reorganized Debtor disputes any portion of an Administrative Expense Claim, Debtor or the Reorganized Debtor shall pay such Claim within thirty (30) days after the entry of a Final Order with respect to the allowance of such disputed Administrative Expense Claim. Debtor will reserve the necessary funds to meet these payments as indicated in Debtor's cash flows projections attached to the Amended Disclosure Statement.

Holders of Administrative Expense Claims and Priority Tax Claims are not classified in the Plan. However a description of these unclassified claims and the claims in each class, as well as the estimated principal amounts of each as of the Effective Date and their treatment, as set forth in the Plan. Administrative Expense Claims are generally the ordinary and necessary costs of administrating and operating during a Chapter 11 case.

(c) It provides that Priority Tax Claims, secured and unsecured, if any, will be fully paid on the Effective Date.

(d) It also provides for adequate means for its execution and payments for Classes 1, 2, 3, and 4, as detailed below, and set forth in **Articles IV** and **V** of the Plan.

(e) It also designates the classes of claims and interests it proposes to impair or leave unimpaired; provides that all not assumed executory contracts or unexpired leases which (i) have not expired by their own terms on or prior to the Confirmation Date, shall be deemed assumed on the Effective Date, and the entry of the Confirmation Order shall constitute approval of such assumption pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code. (See **Article VIII** of the Plan).

(f) The Plan provides for its implementation; for the effects of the Confirmation Order; for voting on the Plan and compliance with 11 U.S.C. §1129; conditions precedent to the Effective Date; for retention of jurisdiction by the Court; and for the amendment or modification of the Plan. (See **Articles XI** and **XII** of the Plan).

2. **The proponent of the plan complies with the applicable provisions of Chapter 11. (§1129(a)(2))**

The proponent of the Plan is the Debtor herein, qualified to file a plan, as set forth in §1121. There are no other plans filed in this case. The Plan was filed on October 17, 2019 (Docket No. 250). The Court approved a disclosure statement filed on December 18, 2019 (Docket No. 293), through an order dated December 18, 2019 (Docket No. 294).

After the approval of the disclosure statement, Debtor proceeded to solicit acceptance of the Plan to all its creditors. At the time of said solicitation, all of Debtor's creditors and others parties in interest were aware of the filing of the Plan and the approved disclosure statement.

3. **The Plan has been proposed in good faith and not by any means forbidden by law. (§1129(a)(3))**

Debtor has revealed all of its assets to its creditors and submitted thereto sufficient financial information to enable it to make an informed decision concerning the Plan. (See Debtor's Disclosure Statement).

4. **Disclosure of payments, officers, insiders and professionals. (§1129(a)(4) and (5))**

All payments for professional services, costs, and expenses in connection with the case have been disclosed to the Court. All payments for professional services requiring approval to date have been approved.

**5. Rate/change approved by regulatory committee. (§1129(a)(6))**

N/A.

**6. Acceptances/best interest. (§1129(a)(7))**

**Class 1** consists of the secured claims of Oriental Bank ("Oriental"). This Class is impaired under the Plan and entitled to vote to accept or reject the Plan. Oriental's claim, secured by UCC filings over Debtor's cash accounts, trade accounts receivable, inventories, intangibles, and substantially all of Debtor's personal property, shall be paid in equal consecutive monthly payments of $12,786.49, with any arrears to be paid together with a balloon payment of any unpaid principal balance, due on December 31, 2025. Oriental will retain its liens encumbering its collateral until the full payment of its allowed secured claim.

**Class 2** consists of the claims of the Holders of Pre-Petition Cure Claims against Debtor, arising from the assumption by Debtor of Unexpired Executory Contracts ("Pre-petition Cure Claims"). This Class is impaired under the Plan and entitled to vote to accept or reject the Plan. The Allowed Pre-Petition Cure will be paid as follows:

    a) The claim of FirstBank consisting of a lease agreement secured by a Ford F250SD 4x4, 2018, Plate #991-208, VIN number 1FT7W2BT5JEB79043, will continue to be paid in accordance with the contractual terms for this leasing, with monthly payments of $1,003. Any arrears under this claim will be paid at the end of the lease.

      b) The claim of FirstBank consisting of a lease agreement secured by an Acura MDX 2014, Plate #IFT-332, VIN number 5FRYD4H60EB009781, will continue to be paid in accordance with the contractual terms for the lease, with monthly payments of $1,164. Any arrears under this claim will be paid at the end of the lease.

      c) McGRATH Rent Corp. (dba TRS-REN TELCO) lease for various equipment will be paid in six (6) equal consecutive monthly payments of $1,011.54, commencing on the Effective Date.

**Class 3** consists of the Holders of Allowed General Unsecured Claims. This Class is impaired under the Plan and entitled to vote to accept or reject the Plan. This Class shall be paid in full satisfaction of their claims, a pro-rata dividend in the total amount of $870,966.42 to be paid as follows:

(i) $200,000 on the Effective Date to be paid from the capital contribution of the shareholders and;

(ii) $670,966.42 in 36 monthly payments commencing on the Effective Date.

The aforementioned $870,966.42 constitute a 20% dividend of the claims expected to be allowed as detailed in **Exhibit C** to the Disclosure Statement. Said dividend could be increased by the Plan Administrator depending on the avoidance actions that could be filed and Debtor's actual cash receipts during the subject period of time. In the event that the allowed claims under this class increase, the first installment to be paid as of the Effective Date as well as the monthly payments, will be adjusted and paid on a pro-rata basis to the Holders of Allowed Claims under this Class.

    **Class 4** consists of the Holders of the Equity Interest in Debtor. Class 4 is unimpaired under the Plan and is not entitled to vote to accept or reject the Plan. This Claim will not receive any distribution under the Plan but will retain its shares in Debtor unaltered.

| Skytec, Inc. | Case No. 18-05288 (EAG) |
|---|---|
| *1129 Statement* | Page 6 |

7. **Effective Date of the Plan/Administration expenses/involuntary gap expenses /other priority claims/pre-petition taxes. (§1129(a)(9)). (See Exhibits A-D).**

(a) The Effective Date of the Plan shall mean the date which is sixty (60) days after the Confirmation Date, or if such date is not a Business Day, the next succeeding Business Day; provided, however, that if, as of such date, all conditions precedent to the occurrence of the Effective Date set forth in Article X of the Plan have not been satisfied or waived pursuant to Section 10.2 of the Plan, then the first Business Day immediately following the day upon which all such conditions have been satisfied or waived.

(b) Allowed Administrative Expense Claims shall mean a Claim that is Allowed under Section 503(b) of the Bankruptcy Code and that is entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including, without limitation (See **Exhibit A**):

   i. fees and expenses of Professionals Allowed pursuant to a Final Order entered under Sections 330, 331, or 503 of the Bankruptcy Code, and

   ii. all fees and charges assessed against Debtor pursuant to 28 U.S.C. § 1930.

Holders of Allowed Administrative Expense Claims, each such claimant shall receive in full satisfaction of its claim, an amount in Cash equal to the Allowed amount thereof on the Effective Date.

8. **Acceptance by one Class.**

Classes 1, 2 and 3, are impaired under the Plan, and as such, entitled to vote to accept or reject the Plan. Classes 1 and 2 have accepted the Plan. (See **Exhibits B** and **C**)

Class 3 has rejected the Plan, primarily for the vote of only one dissenting creditor. (See **Exhibit D**)

Class 4 is unimpaired, but is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

**Since at least one class has accepted the Plan, Debtor will request confirmation of the Plan under the "cram down" provisions of Section 1129(b) of the Bankruptcy Code, which permit confirmation, notwithstanding non-acceptance by one or more impaired classes, if the Bankruptcy Court finds that the Plan does not discriminate unfairly against and is fair and equitable as to each non-accepting Class, as long as at least one class of impaired creditors votes to accept the Plan.**

9. **Feasibility of Plan (§1129(a)(11))**

Debtor's Plan is feasible. A Feasibility Report prepared by CPA Luis R. Carrasquillo was filed on January 22, 2020 at Docket No. 304.

10. **Two or more plans. (§1129(c))**

Only Debtor has proposed a plan.

11. **Avoidance of taxes. (§1129(d))**

No governmental entity, which is a party in interest, has requested that the Plan not be confirmed because it was proposed to avoid taxes or Section 5 of the Securities Act of 1933.

**12. Prohibition on issuing non-voting equity securities. (§1123(a)(6))**

Debtor's Plan complies with 11 U.S.C. §1123(a)(6).

**13. Discharge of debtor/discharge hearing. (§1141(d))**

In the opinion of counsel, the order of confirmation will discharge from any debt or claim that arose before the date of the confirmation of the Plan and from any debt of a kind specified in 11 U.S.C. §502(g), (h), and (i).

**14. Approval of proposed order of confirmation.**

The order of confirmation will have the effects specified in paragraph 13 above. It will make the Plan binding on Debtor and its creditors, whether or not they have accepted the Plan, and will vest all of the property of the estate in the Debtor, the same becoming free and clear of all claims and interests of creditors, except as otherwise provided for in the Plan or in the Order of Confirmation. Said Order will direct the Debtor to carry out the Plan and will enjoin all actions interfering with the implementation of the Plan and all creditors from in any way interfering therewith.

In confirming the Plan, the Court will expressly reserve jurisdiction to protect the confirmation decree, to prevent interference with the execution of the Plan, for the purpose of overseeing that the Plan is properly consummated. **(See attached proposed Order)**.

**15. Approval of proposed final decree.**

On consummation of the Plan, the Court will enter a Final Decree which shall contain provisions (1) stating the effect of confirmation and consummation on the creditors; (2) making such provisions by way of injunction or otherwise as may be equitable; and (3) closing the estate. (**See attached proposed Final Decree Order).**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

San Juan, Puerto Rico, this 27th day of January, 2020.

*s/Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201
**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
E-Mail: alex@fuentes-law.com